Robert V. HAYS and Donald D. Richmond,
Appellants (Defendants below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4259.

Supreme Court of Wyoming.

May 29, 1974.

John E. Ackerman, Casper, for appellants.

Clarence A. Brimmer, Atty. Gen., Jerome F. Statkus, Asst. Atty. Gen., Cheyenne, and Robert B. Ranck, County Atty., Jackson, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and Mc-CLINTOCK, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

This is an appeal from a judgment and sentence based upon jury verdicts of guilty, finding Robert V. Hays guilty of the crime of rape and of aggravated assault and assault and battery with a dangerous weapon, and finding Donald D. Richmond guilty as an accessory before the fact to rape and aggravated assault and assault and battery with a dangerous weapon.

## THE REFUSAL TO GRANT MOTION FOR CONTINUANCE

■ Appellants' counsel contends that it was error for the court to refuse to grant the motion for continuance, quite clearly stating and recognizing the rule that the grant or denial of the motion for continuance is a matter for discretion of the trial court. The record does not demonstrate any abuse, in our opinion, nor is any prejudicial effect of such ruling asserted. This disposes of the matter. However, because of the gratuitous suggestion that the court based the denial of this motion upon an improper basis, which counsel attempts to demonstrate by certain remarks of the judge made during a recess and after the beginning of the trial when the judge mentioned criticism by the press, public, and legislature of general court delay [1] and that he was a judge who wished to expeditiously dispose of matters,[2] we think this should not pass unnoticed. A judge who asserts his aim to expeditiously handle litigation is to be commended, not condemned. The writer thinks it worthy of mention that our court system was created by and for the public and is not the sole province and property of lawyers and judges—that court business is public business and cures of abuses have come largely from popular revolt.[3]

■ A further observation may be appropriate—that a trial judge who grants a continuance of a case, civil or criminal, set for trial based upon the mere request, whim, or convenience of counsel without substantial or legal reason for such continuance is himself guilty of a species of discretionary abuse.

## ERROR IN INSTRUCTIONS

Although admitting that no objection was made at the time of trial, appellants assert that the giving of Instruction No. 3 is a clear constitutional deprivation under the Sixth and Fourteenth Amendments of the Constitution of the United States, and in violation of §§ 6 and 9, Art. 1, Wyo. Const. The instruction is as follows:

"INSTRUCTION # 3

"The Information in this case reads as follows:

"COMES NOW, John S. Mackey, County and Prosecuting Attorney of the County of Sublette and State of Wyoming, and in the name and by the authority of the State of Wyoming, informs the Court and gives the Court to understand that Robert V. Hays and Donald D. Richmond late of the county aforesaid, on the 21st day of October, 1972, in the County of Sublette in the State of Wyoming, did unlawfully

"COUNT I

"violate § 6–63(A) W.S.1957, as amended, entitled 'Rape,' in that said Robert V. Hays did unlawfully have carnal knowl-

---

1. There is a longstanding public resentment of the law's delay recognized by eminent authority, Vol. II, Selected Writings of Arthur T. Vanderbilt, p. 57, et seq. (Klein & Lee 1965).

2. A.B.A. Standards Relating to Court Organization, Commentary, § 1.00, p. 1 (Tentative Draft 1973), discussing objectives "that all cases be determined promptly and economically."

3. Vol. II, Selected Writings of Arthur T. Vanderbilt, supra, p. 99.

edge of a woman, to-wit: Karen Kothe, forcibly and against her will, and that said Donald D. Richmond is being charged for the same crime pursuant to § 6–14 W.S.1957 in that he did aid and abet in the commission of said rape and was an accessory before the fact;

"COUNT II

"and the said Robert V. Hays and Donald D. Richmond did unlawfully violate § 6–70B W.S.1957, as amended, entitled 'Aggravated Assault and Assault and Battery,' in that both Defendants, while armed with dangerous or deadly weapons, to-wit: a rifle and knives, maliciously perpetrated an assault or an assault and battery upon Karen Kothe.

"The essential facts and acts of the Defendants constituting the crimes charged against the defendants in Counts I and II are that on October 21, 1972, Karen Kothe was riding to Jackson from Rock Springs in the Jackson-Rock Springs Stage Limousine, which broke down between Farson and Pinedale, Wyoming. The Defendants driving an older model white Ford pickup, offered to give Miss Kothe a ride to Jackson. Enroute to Jackson the defendants turned off Highway 187 on to the Cliff Creek Road in the Hoback Canyon in the County of Sublette, State of Wyoming, and did take Miss Kothe to a point approximately one mile southwest on said road. At or about this time both of the defendants did threaten to kill Karen Kothe with knives. The defendant Hays then stated to Miss Kothe, 'Don't you want to shuck off your pants?' and 'If you don't put out, I'm going to slit your throat.' The Defendant Richmond did then point a rifle at Miss Kothe's head. The Defendant Hays did grab Miss Kothe by her left arm and pulled her out of the pickup and took her to an area adjacent to Cliff Creek where he did have intercourse with her after she had refused to do so. The Defendant Richmond did fire a rifle at the ground approximately one foot from Miss Kothe.

The defendants did then drive Karen Kothe to Teton Village, Wyoming, and enroute thereto did threaten to kill her if she advised the Sheriff of the foregoing.

"The above information having been provided to the Office of the County and Prosecuting Attorney of Sublette County, Wyoming by Robert B. Ranck, Teton County and Prosecuting Attorney; Timothy J. Bommer, Deputy County and Prosecuting Attorney of Teton County; and Sheriff Norman Bear and former Deputy Sheriff Sparky J. Imeson, of the Teton County, Wyoming Sheriff's Office and said acts being contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Wyoming."

For a better understanding of this case it must also be said that nowhere in the instructions was the jury instructed that an information is merely a formal charge or accusation and is not in itself evidence of any guilt.

■ Reading the charging part of the information to the jury by way of instruction is not improper but a defendant is entitled to an instruction that this is only a formal charge if he requests, State v. Gilmore, 336 Mo. 784, 81 S.W.2d 431, 433; 23A C.J.S. Criminal Law § 1194 p. 496, and § 1217, pp. 546–547. It has been said that the reading of an information to the jury is not to be commended and is of dubious value, Norman v. United States, 6 Cir., 100 F.2d 905, 907, certiorari denied, 306 U.S. 660, 59 S.Ct. 790, 83 L.Ed. 1057; United States v. Nichols, 7 Cir., 322 F.2d 681, 683, certiorari denied, 375 U.S. 967, 84 S.Ct. 485, 11 L.Ed.2d 415. "Information" is a legal term about which no juror should be forced to speculate, and an instruction containing the material allegations of the charge would seem to better serve to inform the jury. However, we do not view this as reversible error under our rule.

■ The last two paragraphs of the above-quoted instruction, however, raise serious and disturbing questions which are of such importance and gravity that even

in absence of objection at the time of trial this case must be reversed. Rule 49(b), W.R.Cr.P., governs our consideration in absence of such objection. Our Rule 49(b) is identical to Rule 52(b), F.R.Cr.P. We must further notice that Rule 51, W.R.C. P., provides:

"* * * No party may assign as error the giving [of] * * * an instruction unless he objects thereto before the jury retires * * *"

This has been made applicable to criminal cases, Bentley v. State, Wyo., 502 P.2d 203, 206. Rule 30, F.R.Cr.P., is not substantially different than Rule 51, W.R.C.P. Rule 52(b), F.R.Cr.P., is applied to wrongful and erroneous instructions and is in harmony with Rule 30 of the Federal Rules, Apodaca v. United States, 10 Cir., 188 F.2d 932, 937; United States v. Small, 3 Cir., 472 F.2d 818, 819; United States v. McClain, 142 U.S.App.D.C. 213, 440 F.2d 241, 245; 3 Wright, Federal Practice and Procedure, § 856, p. 375 (1969). In absence of direct authority by our own decision reliance must be placed upon the decision of Federal courts, and a wrongful and erroneous instruction may be considered if plain error be present. There is little value in attempting any definition of "plain error or defects affecting substantial rights," but the courts must base each case on its own particular facts, 3 Wright, supra, p. 373.

█ █ Prior to our adoption of this rule this court since early date has recognized that even in absence of objection if a fundamental error be present in a trial a judgment should be reversed, Parker v. State, 24 Wyo. 491, 161 P. 552, 554; Ohama v. State, 24 Wyo. 513, 161 P. 558; Gardner v. State, 27 Wyo. 316, 196 P. 750, 756, 15 A.L.R. 1040; State v. Callaway, 72 Wyo. 509, 267 P.2d 970. Although in those cases no attempt was made to define what constituted a fundamental error, a review of them reveals determinations were made upon their individual facts and the possible prejudice which might flow therefrom. It is also to be observed that all of the Wyoming cases involved error in giving or refusing to give instructions. None of these cases were decided upon the basis of a violation of a constitutional right. It is the writer's view that the adoption of Rule 49(b) is procedural and that the substantive law as existed in this state was in no manner altered or diminished thereby. However, the application of the "plain error" doctrine must be exercised cautiously and only in exceptional circumstances, Johnson v. United States, 8 Cir., 362 F.2d 43, 46, and should only be applied where the error would "seriously affect the fairness, integrity, or public reputation of judicial proceedings," United States v. Musquiz, 5 Cir., 445 F.2d 963, 966. Not even all errors of constitutional dimension justify reversal under this doctrine, Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 24 A.L.R.3d 1065, rehearing denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241. (See generally for these propositions 3 Wright, supra, pp. 373 and 374, and § 855, p. 370.)

The State defends this instruction by reliance upon the proposition that no objection was made and that the court has considerable discretion in giving of instructions as they apply to the facts. The only cases submitted in support of this instruction are the cases of State v. Aragon, 41 Wyo. 308, 285 P. 803, and State v. Anstine, 91 Idaho 169, 418 P.2d 210. The writer cannot derive anything of probative value in Aragon because of the factual situation therein. Anstine involves a claim that it was error for the court to read "the charging part of the information" as an instruction without advising the jury of a not guilty plea even though defendant's plea had been announced to the jury by the clerk at the outset of the trial. Not only is this case inapplicable to the latter part of the instruction herein, it is mentioned because that instruction contained only the charging part of the information and could therefore only be applicable to the first two paragraphs of the challenged instruc-

tion, so we are left with no authority on the part of the State which would in any manner sustain this instruction.

The writer confesses that he has not been able to find a case in which the facts are substantially similar to this case and is convinced thereby that this is a unique instruction. The case of United States v. Grady, 7 Cir., 185 F.2d 273, appears to be the nearest thereto. In that case a conviction was reversed when an information was allowed to go to the jury room which contained an attached affidavit stating that the facts set out in the information were true. The affiant was not a witness in that case. No objection was made and the court had in that case given the usual customary instruction, lacking here, that the information was not to be considered as evidence against defendant but was simply a formal charge. Nonetheless it was deemed that this was erroneous and harmful to the defendant. Although the preceding case involved an affidavit or verification of the information under oath, we are not inclined to say that what appears as a statement of facts from the mouth of the trial judge—not even indicated to be alleged or contended facts—would not be at least as persuasive to a juror, particularly if we are to believe in the validity of jury instructions.

This writer finds it impossible to equate the objectionable portion of this instruction with the office of instructions, which is "such instructions on the law as may be necessary," Rule 51, W.R.C.P., or to "inform the jury upon the law applicable to the pleadings and the evidence," 1 Reid's Branson, Instructions to Juries, § 1,

p. 1 (1960 Repl.), and must view this as extraneous material. Viewed factually, this resulted in the submission to the jury of a written evidentiary statement inadmissible in evidence by any standard in the guise of an instruction with probable reliance thereon by the jury in its deliberations. The submission to the jury of papers or exhibits not received in evidence is prejudicial error, Osborne v. United States, 8 Cir., 351 F.2d 111, 115; Dallago v. United States, 138 U.S.App.D.C. 276, 427 F.2d 546, 553; United States v. Michener, 3 Cir., 152 F.2d 880, 885–886; State v. Lindeman, 64 N.D. 518, 254 N.W. 276, 280–281, 93 A.L.R. 1442; People v. Holcomb, 370 Ill. 299, 18 N.E.2d 878.

We view this as particularly prejudicial in this case because defendants' sole defense is that the act was consensual and the complainant denied this. This involved, of course, a determination of the credibility of Hays and the complainant directly. Anything attacking defendants' credibility or tending to bolster complainant's credibility wrongfully must be said to be prejudicial.

In light of the rule against allowing the jury to consider instruments not in evidence, we see no reason to pass on other possible bases of error in the given instruction, nor do we reach the constitutional objections herein because they are not necessary for disposal.[4]

It appearing to this court that plain errors and defects which affected defendants' rights have occurred in giving Instruction No. 3, this case is hereby remanded for a new trial.

Reversed and remanded for new trial.

4. Although it might be interesting, the writer does not deem it necessary to consider whether this instruction may not have been a violation of the right of confrontation, § 10, Art. 1, Wyo.Const., and the Sixth Amendment of the Constitution of the United States, made obligatory on the States by the Fourteenth Amendment, Smith v. State of Illinois, 390 U.S. 129, 88 S.Ct. 748, 749, 19 L.Ed.2d 956.