Chester Otto **HENRIKSEN**, Jr., Appellant (Defendant below),

v.

The **STATE** of Wyoming, Appellee (Plaintiff below).

No. 4772.

Supreme Court of Wyoming.

March 3, 1978.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen: and Allen C. Johnson, Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This is an appeal from a conviction of manslaughter, in violation of § 6–58, W.S. 1957. Appellant was originally charged and tried for first-degree murder, to which he pleaded not guilty and not guilty by reason of mental illness or deficiency. After a bifurcated trial, pursuant to § 7–242.5(a), W.S.1957, 1975 Cum.Supp., the jury was instructed as to the crime charged, and the lesser-included offenses of second-degree murder and manslaughter. Having been found guilty of the last-mentioned offense, appellant was sentenced to from 15 to 20 years in the state penitentiary.

After the trial and while this case was pending before this court, we decided the case of *Sanchez v. State*, Wyo., 567 P.2d 270, holding § 7–242.5(a), supra, unconstitutional on its face. We subsequently held that *Sanchez* must be retroactively applied to all cases not finally decided and in which the bifurcated procedure was employed. *Flores v. State*, Wyo., 572 P.2d 746, 749. As a result, defendant's conviction must be set aside and the case remanded for a new trial.

We find no reason to address other issues raised in this appeal.

Reversed and remanded.

RAPER, Justice (dissenting).

I dissent.

As I did in *Flores v. State*, Wyo.1977, 572 P.2d 746, I must protest the waste of judicial, legal, witness and jury time, along with the expense of an unnecessary new trial, in the absence of prejudicial error. For the reasons stated in my dissent in *Flores*, even though the defendant was tried under an unconstitutional procedure, there is no need for a new trial unless there is a reasonable possibility the verdict might be more favorable for the defendant. To relate some of the facts of this case will make it clear that the defendant is probably better off without a new trial.

The defendant stands charged with the first-degree murder of his son, to which he entered a plea of not guilty and not guilty by reason of mental illness or deficiency. He was sent to the Wyoming State Hospital for examination and found to have the capacity, at the time of the alleged criminal conduct, to appreciate the wrongfulness of his conduct and conform his conduct to the requirements of law, pursuant to § 7–242.-3(c)(iv).

At the trial, there was substantial evidence that the defendant left his home in Indiana, bought a firearm, a .22 caliber revolver en route and proceeded to Laramie, Wyoming, where he confronted his son, killed him with six shots to the body, and left him dangling from a barbed wire fence along a highway in Albany County, Wyoming. The defendant returned to Indiana where, on questioning, he first denied ever being in Wyoming. He later admitted he had been in Wyoming, where he had some involvement with his son, but would not admit killing him because he could not remember that part.

In the bifurcated procedure followed, the State substantially presented only its evidence to answer the single jury question

presented, "Did the Defendant kill * * *" the victim at the place and time charged. The jury was further instructed not to consider premeditation, malice, felonious intent and mental illness or deficiency. The jury at that point returned a simple verdict, finding only that the defendant had killed his son.

Following that, the State's only further evidence was he had told his former wife, the mother of his son, that he had been in Michigan at the time, after she told him their son had been found dead. Additionally, evidence indicating his motive and intent in the killing was to collect on an insurance policy on his son's life, of which he was the beneficiary.

The defendant presented no expert testimony to demonstrate his mental incapability to commit the crime. The only evidence that would even raise a suspicion in that regard was various statements by members of his family. His sister stated, "I don't believe my brother could have done anything like this if he were in his right mind." His eldest daughter testified how, when drunk, he had burned up her sister's bed and some stuffed animals and she did not think her father could kill her brother under "normal" circumstances. The defendant's mother said he was nervous and she thought he needed psychiatric help, though her husband did not agree. The defendant's wife testified that he drank too much and, when he did, he was argumentative and picked fights. There was testimony that the defendant had attempted suicide.

The defendant's testimony was rational except he could not remember killing his son, though he remembered details before and after. He said that when en route from Indiana to Laramie, he stopped frequently to buy six-packs of beer and vodka. (The jury was adequately instructed on drunkenness as a defense to intent.) He testified that he bought the handgun because he could buy it cheap and anticipated selling it at a profit upon his return home.

His statement was that he had thrown it away alongside the highway on his return home. He also testified he did not know what happened to the weapon.

The State strongly rebutted any suggestion of mental incapacity by the defendant by competent expert professional testimony. The case is like many of the Arizona cases I cited in *Flores,* where the defense of mental irresponsibility had no substance and, hence, precluded prejudicial and, therefore, reversible error.

The most vivid imagination I can bring into play does not permit me to believe that the defendant was in any way prejudiced by the procedure followed. The only difference in the new trial will be elimination of the intermediate verdict. As I pointed out in *Flores v. State,* supra, there is a burden on the defendant, on appeal, to show prejudice. As this court has said in *Hays v. State,* Wyo.1974, 522 P.2d 1004, errors of constitutional dimension do not necessarily justify reversal on grounds of plain error and should be rarely applied. I consider the error harmless beyond a reasonable doubt. *Chapman v. State of California,* 1967, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 24 A.L.R.3d 1065, reh. den. 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241. The majority has locked itself into an arbitrary position from which it permits no escape, even on grounds of reason. "Reason is the mistress and queen of all things." Cicero.

The majority may be doing the defendant no favor. He was convicted of manslaughter. The facts and evidence will easily support first-degree murder and another jury may readily so find. As shown by the record, it was a cruel, premeditated filicide, for insurance money.