2007 WY 109

**Kent A. KING, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING DEPARTMENT OF TRANSPORTATION, Appellee (Respondent).**

Nos. 06–114, 06–252.

Supreme Court of Wyoming.

July 12, 2007.

Representing Appellant: Ronald G. Pretty, Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J.

Moench, Senior Assistant Attorney General; Dana Jill Lent, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   In this consolidated case, Appellant Kent King argues that Wyo. Stat. Ann. § 31–7–305 (LexisNexis 2005) is unconstitutional.[1] He also contends that the Hearing Examiner did not have the power to suspend his commercial driver's license.   We affirm in both cases.

### ISSUES

[¶ 2]   We address the following issues:

1.   Does Wyo. Stat. Ann. § 31–7–305(n) (LexisNexis 2005)[2] violate equal protection guarantees under the Wyoming and federal constitutions?

2.   Did the Hearing Examiner have the authority to suspend Mr. King's commercial driver's license?

---

1.   Case No. 06–114 is an appeal from the district court's review of an administrative hearing decision revoking Mr. King's commercial driver's license.   Case No. 06–252 is an appeal from the district court's dismissal of his petition for declaratory judgment.

2.   Wyo. Stat. Ann. § 31–7–305(n) states:
    A discharge or dismissal under W.S. 7–13–301 shall not limit the authority of the department to disqualify a driver from operating a commercial vehicle if the discharge or dismissal under W.S. 7–13–301 is from an offense specified in this section and the person has been placed on probation as provided in W.S. 7–13–301(a).

3.   Wyo. Stat. Ann. § 7–13–301 (LexisNexis 2005) states in part:
    (a) If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest to any misdemeanor except any second or subsequent violation of W.S. 31–5–233 or any similar provision of law, or any second or subsequent violation of W.S. 6–2–501(a) or (b) by a household member as defined by W.S. 35–21–102 against any other household member or any similar provision of law, or any felony except murder, sexual assault in the first or second degree, aggravated assault and battery or arson in the first or second degree, the court may, with the consent of the defendant and the

### FACTS

[¶ 3]   Mr. King is a commercial truck driver.   While driving his commercial vehicle on October 16, 2004, he was pulled over and arrested for driving while under the influence.   Mr. King later pled guilty in Laramie County Circuit Court in exchange for a deferred sentence under Wyo. Stat. Ann. § 7–13–301.[3]   The Department of Transportation, on notice of Mr. King's deferral, issued an Order of Disqualification suspending his commercial driver's license for one year.[4]

[¶ 4]   Mr. King contested his suspension in an administrative proceeding.   He argued that Wyo. Stat. Ann. § 31–7–305(n) violated his equal protection rights by inflicting a greater burden on commercial drivers than non-commercial drivers.   He relied on the fact that non-commercial drivers could still drive to and from work with a probationary license.   Probationary licenses give no commercial driving privileges, so commercial drivers cannot work during their suspensions.   The Hearing Examiner sustained Mr. King's one-year suspension in its Order Up-

---

state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court.   The terms of probation shall include that he:
(i) Report to the court not less than twice in each year at times and places fixed in the order;
(ii) Conduct himself in a law-abiding manner;
(iii) Not leave the state without the consent of the court;
(iv) Conform his conduct to any other terms of probation the court finds proper;  and
(v) Pay restitution to each victim in accordance with W.S. 7–9–101 and 7–9–103 through 7–9–112.
(b) If the court finds the person has fulfilled the terms of probation and that his rehabilitation has been attained to the satisfaction of the court, the court may at the end of five (5) years, or at any time after the expiration of one (1) year from the date of the original probation, discharge the person and dismiss the proceedings against him.
    . . .
(e) There shall be only one (1) discharge and dismissal under this section or under any similar section of the probationary statutes of any other jurisdiction.

4.   Mr. King's suspension was stayed pending resolution of his administrative appeal.

holding One Year Commercial Disqualification.

[¶ 5] Mr. King next filed a petition for review of agency action in the district court, arguing again that Wyo. Stat. Ann. § 31–7–305(n) is unconstitutional. The court dismissed Mr. King's petition. Mr. King then appealed to this Court.

[¶ 6] While his direct appeal was pending in this Court, Mr. King filed an independent action for declaratory judgment in the district court, again attacking the constitutionality of Wyo. Stat. Ann. § 31–7–305(n) on equal protection grounds. The Department moved for dismissal under W.R.C.P. 12(b)(6), and the district court dismissed Mr. King's petition. The district court based its decision primarily on *Wilson v. State ex rel. Office of Hearing Exam'r*, 841 P.2d 90 (Wyo.1992), in which we upheld the constitutionality of Wyo. Stat. Ann. § 31–7–305. Mr. King continues this constitutional argument on appeal, and also now asserts that the Hearing Examiner lacked authority to suspend his license under Wyo. Stat. Ann. § 31–7–305.

### EQUAL PROTECTION CLAIM

**Standard of Review**

[¶ 7] "Issues of constitutionality are questions of law and are reviewed de novo." *Worcester v. State*, 2001 WY 82, ¶ 22, 30 P.3d 47, 54 (Wyo.2001). We presume all laws to be constitutional and resolve any doubts in their favor. *Id.* Unless fundamental constitutional rights are involved, the statute's challenger bears the heavy burden of showing it is unconstitutional beyond a reasonable doubt. *Reiter v. State*, 2001 WY 116, ¶ 7, 36 P.3d 586, 589 (Wyo.2001).

**Discussion**

[¶ 8] Mr. King concedes that we upheld the constitutionality of Wyo. Stat. Ann. § 31–7–305 in *Wilson*, 841 P.2d 90. In *Wilson*, the appellant, a commercial truck driver, was arrested for driving his personal vehicle while under the influence. *Id.* at 91. At the administrative hearing, the Examiner

issued Mr. Wilson a probationary driver's license, but that license did not allow commercial driving. *Id.* Mr. Wilson challenged his suspension in this Court, arguing that the statute allowing non-commercial drivers to continue employment using a probationary license denied equal protection of the law to commercial drivers. *Id.* at 94–95.

[¶ 9] To resolve the issue, we applied the four-part equal protection test under the Wyoming Constitution:

> First, what class is harmed by the legislation and has that group been subjected to a "tradition of disfavor" by our laws? . . . Second, what is the public purpose that is being served by the law? Third, what is the characteristic of the disadvantaged class that justifies the disparate treatment? And lastly, how are the characteristics used to distinguish people for such disparate treatment relevant to the purpose that the challenged laws purportedly intend to serve?

*Id.* at 95 (quoting *Johnson v. State*, 838 P.2d 158, 166 (Wyo.1992)).

[¶ 10] After analyzing all four factors, we determined that the characteristic of driving dangerous vehicles was "highly relevant" to the public safety purposes achieved by a commercial driver's suspension. *Id.* at 96. "The Legislature made a policy choice by deciding that it was better to ensure public safety during the suspension period and not allow commercial employment during that period rather than allow commercial operation during the suspension and force risk upon the public." *Id.*

[¶ 11] Mr. King, however, urges us to revisit the issue and overturn *Wilson*. His briefs include no persuasive argument for doing so. We will adhere to our prior decision in *Wilson* and hold that Wyo. Stat. Ann. § 31–7–305(n) does not violate Mr. King's equal protection rights.[5]

### Hearing Examiner's Right to Suspend License

[¶ 12] In his second argument, Mr. King contends that the Hearing Examiner

---

5. Because Wyoming's equal protection guarantee is broader than the equivalent federal right, *see Wilson*, 841 P.2d at 95, our adherence to *Wilson* effectively disposes of Mr. King's federal constitutional claim.

had no power to suspend his driver's license under Wyo. Stat. Ann. § 31–7–305(n) because the circuit court's deferral order did not explicitly cite Wyo. Stat. Ann. § 7–13–301. We refuse to consider this second argument.

[¶ 13] Mr. King did not raise this issue before the Hearing Examiner, nor did he pursue it on direct review in the district court. *See* Wyo. Stat. Ann. § 16–3–114(c)(ii)(C) (LexisNexis 2005). Instead, he admitted that "[h]e entered a plea agreement pursuant to W.S. 7–13–301." The first time he mentioned the issue was in his declaratory judgment action. A declaratory judgment action is the proper way to present constitutional issues, but not other issues that should have been preserved in the administrative proceeding. *See In re State Bank Charter Application of Sec. Bank, Buffalo,* 606 P.2d 296, 300 (Wyo.1980); *Torres v. State ex rel. Wyo. Workers' Safety and Comp. Div.,* 2004 WY 92, ¶¶ 6–7, 95 P.3d 794, 795–96 (Wyo. 2004).

[¶ 14] Affirmed.