2017 WY 87

Ricky Darnell COLE, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

S-16-0215

Supreme Court of Wyoming.

August 1, 2017

Representing Appellant: Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Katherine A. Adams, Assistant Attorney General; Darrell D. Jackson, Faculty Director, Prosecution Assistance Program; and Kevin T. Farrelly, Student Director, Prosecution Assistance Program. Argument by Mr. Farrelly.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

HILL, Justice.

[¶1] Ricky Darnell Cole asks whether the prosecutor committed misconduct when he referred to his race during rebuttal closing argument. We conclude there was no misconduct by the prosecutor, and affirm.

## ISSUE

[¶2] Mr. Cole submits his single issue on appeal:

The prosecutor engaged in [prosecutorial] misconduct by appealing to racial prejudice in closing argument.

## FACTS

[¶3] On September 19, 2015, in the early morning hours, Sandra Adams parked her mother's vehicle in her driveway in Gillette. She left the vehicle unlocked and the keys in the center console. The next morning, she woke to find the vehicle missing, and her mother, Sherri Adams, reported the theft to the police.

[¶4] The following morning, law enforcement spotted the vehicle heading westbound on Highway 51 outside of Gillette. A high-speed chase followed and ended when Ricky Cole lost control of the vehicle and rolled it in a ditch. The vehicle then caught fire and was destroyed.

[¶5] Gillette police charged Mr. Cole with theft, and the case proceeded to trial. Mr. Cole's theory of defense was that he took the vehicle with permission, drove it to Newcastle, and was on his way back to return the vehicle, even though he did not personally know either Sandra Adams or Sherri Adams. He argued that because he did not intend to permanently deprive the owner of the vehi-

cle, he was only guilty of unauthorized use of a vehicle, and not theft.

[¶6] During closing argument, defense counsel argued as follows: "None of us have ESP. None of us are clairvoyant. We don't know what went through the mind of Ricky Cole, but you know, if I was a black man in Wyoming and the cops were after me, I don't know." In response, during rebuttal, the prosecutor stated:

The joyride, ladies and gentlemen, is across town, not 70 miles away to Newcastle. And, ladies and gentlemen, an African-American man in Wyoming is still not allowed to steal a car and take the police on a high-speed chase. It doesn't matter what race he is. A white person is not allowed to do that either. Nobody is allowed to do that.

[¶7] No objection was made to the prosecutor's comment, and the jury proceeded to find Mr. Cole guilty of theft. The district court sentenced him to four to eight years in prison. This appeal followed.

## DISCUSSION

[¶8] Mr. Cole argues that the prosecutor committed misconduct when he mentioned the race of the defendant during rebuttal closing arguments, and in doing so, attempted to appeal to the racial bias of the jury. We disagree, and explain below.

[¶9] Prosecutorial misconduct is "[a] prosecutor's improper or illegal act (or failure to act), esp[ecially] involving an attempt to persuade the jury to wrongly convict a defendant or assess an unjustified punishment." *Watts v. State*, 2016 WY 40, ¶ 8, 370 P.3d 104, 107 (quoting *Craft v. State*, 2013 WY 41, ¶ 13, 298 P.3d 825, 829 (Wyo. 2013)). Because Mr. Cole did not object to the comments about which he now argues on appeal, we review his claim of prosecutorial misconduct for plain error. Plain error will be found only in "exceptional circumstances." *Hays v. State*, 522 P.2d 1004, 1007 (Wyo. 1974). Under the plain error standard of review, we reverse a district court's decision "only if it is so plainly erroneous that the judge should have noticed and corrected the mistake even though the parties failed to

raise the issue." *Causey v. State*, 2009 WY 111, ¶ 19, 215 P.3d 287, 293 (Wyo. 2009). To establish plain error, it must be shown that: (1) the alleged error clearly appears in the record; (2) the alleged error clearly and obviously violates a clear and unequivocal rule of law; and (3) the alleged error affects a substantial right. *Id.* ¶ 18, 215 P.3d at 293.

[¶10] The first element of plain error is clearly satisfied, as the incident alleged as error is clearly reflected in the record. We thus proceed to the next element: whether the alleged error clearly and obviously violates a clear and unequivocal rule of law. The error alleged by Mr. Cole does not clearly or obviously violate an unequivocal rule of law. We repeat the error alleged: During closing, defense counsel reminded jurors that Cole admitted to taking the vehicle, but intended to return it. Defense counsel said, "None of us have ESP. None of us are clairvoyant. We don't know what went through the mind of Ricky Cole, but you know, if I was a black man in Wyoming and the cops were after me, I don't know." In response, the prosecutor said this:

The joyride, ladies and gentleman, is across town, not 70 miles away to Newcastle. And, ladies and gentleman, an African American man in Wyoming is still not allowed to steal a car and take the police on a high-speed chase. It doesn't matter what race he is. A white person is not allowed to do that either, nobody is allowed to do that.

Mr. Cole argues that because the above statement was not used to establish motive or distinguish actors in the case, the prosecutor impermissibly interjected the topic of race for the purpose of inciting racial bias.

[¶11] While there are no cases in Wyoming that track the exact facts of this case, we do adhere to the principles set forth by the United States Supreme Court that "the Constitution prohibits racially biased prosecutorial arguments." *McCleskey v. Kemp*, 481 U.S. 279, 309, n.30, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)). In fact, it is a "core principle" of this Court that excluding illegitimate refer-

ences to race from judicial proceedings is a "prerequisite to a fair trial." *Carter v. State*, 2010 WY 136, ¶ 6, 241 P.3d 476, 480 (Wyo. 2010). True, there are circumstances where a prosecutor may legitimately reference race—two of which this Court has previously acknowledged: The use of race as means of establishing motive and the use of race to identify relevant parties. *See Carter*, ¶ 11, 241 P.3d at 482; *see also Campbell v. State*, 999 P.2d 649, 663 (Wyo. 2000). About that, we have previously said statements about a defendant's race are permissible when not intended to inflame the passions or prejudices of the jury. *Carter*, ¶ 11, 241 P.3d at 482.

[¶12] Turning back to Mr. Cole's argument, we consider whether the statements made about Mr. Cole's race were intended in any way to sway the jury. While Mr. Cole's argument is well taken, it is simply a mischaracterization of what happened at trial. It is important to point out that it was defense counsel that spoke to Mr. Cole's race several times prior to the prosecutor addressing the reference during closing. In fact, the *only* time the prosecutor addressed race during trial was during the previously cited passage during his rebuttal. Keeping in mind that our review considers the argument "in its entirety, not just the sentences and phrases taken out of context," we agree that the prosecutor's remarks were actually intending to diffuse defense counsel's remarks rather than incite the jury. *Carroll v. State*, 2015 WY 87, ¶ 32, 352 P.3d 251, 259 (Wyo. 2015). In fact, our interpretation of counsel's remarks is that the goal was to emphasize the point that race is irrelevant because the law prohibits *everyone* from stealing a vehicle. The remarks made by the prosecutor were in response to defense counsel's own remarks. Mr. Cole has not demonstrated that the remarks were in violation of any clear and unequivocal rule of law. We affirm Mr. Cole's conviction.

## CONCLUSION

[¶13] We conclude that there was no prosecutorial misconduct committed in this case. When the prosecutor commented on Mr. Cole's race, he was doing so in response to defense counsel's suggestion that race was an issue and thus, there is no plain error committed by the trial court. Affirmed.