Mary Ellen RUE and Edward N. Strader,
Appellants (Plaintiffs),

v.

Margaret CARTER, Appellee (Defendant).

No. 95–212.

Supreme Court of Wyoming.

July 15, 1996.

Ronald E. Triggs, Cheyenne, for appellants.

Steven F. Freudenthal of Herschler, Freudenthal, Salzburg, Bonds & Rideout, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Mary Ellen Rue and Edward N. Strader filed a petition for election contest against Margaret A. Carter. The district court found no genuine issue as to any material fact in this case and granted Carter's motion for summary judgment. Rue and Strader appeal.

We affirm.

### ISSUES

Rue and Strader present the following issues for our review:

1. Did the court err in failing to order a new election in the above-referenced action?

2. Was defendant, Margaret Carter, qualified as a candidate for office at the time of the filing of her application for nomination on 31 May 1994?

3. If unqualified, did her subsequent registration on 7 June 1994 cure that defect?

4. If the defect was not cured, did she properly or improperly appear on the ballot?

5. Was the certificate of election properly or improperly conferred upon her by the county clerk?

6. If the defect in her registration could not be cured and her election was improper, should she be removed from office?

Carter presents a single issue:

In an election contest commenced after the general election, is a person's eligibility to hold office to be determined as of the date of: (1) the filing of the nominating petition, (2) the primary election, (3) the general election, or (4) taking office?

### FACTS

On May 31, 1994, Carter filed her Application for Nomination by Primary for Cheyenne City Councilperson in Ward II. On her application, Carter certified she was a registered voter. On or about June 6, 1994, Carter received notice that she had been purged from the voter registration list between January and March 1993 for failure to vote in the 1992 general election. Carter reregistered as a voter on June 7, 1994. Subsequently, Carter's name was placed on the ballot. Carter's appearance on the ballot was affirmed by the Wyoming Secretary of State prior to the 1994 primary election.

Strader was one of the three candidates for councilperson in opposition to Carter. Prior to the primary election, Strader discovered that Carter had been purged from the voter list and had reregistered after the filing deadline. Strader spoke with voters concerning this issue prior to the primary election. He also shared this information with Rue, who was an election judge for the 1994 general election.

As a result of the primary election, both Carter and Strader were nominated to appear on the general election ballot. Carter won the general election held on November 8, 1994, and was sworn into office on January 3, 1995. On November 16, 1994, Rue and Strader filed a Verified Petition for Election

Contest and Permanent Injunction asking the court to annul the election because of Carter's failure to be registered on the date of filing her application. The district court granted Carter's motion for summary judgment, and Rue and Strader now appeal.

### STANDARD OF REVIEW

██ Summary judgment is granted to a party if there are no genuine issues of material fact and the party is entitled to judgment as a matter of law. W.R.C.P. 56; *State ex rel. Bayou Liquors, Inc. v. City of Casper,* 906 P.2d 1046, 1048 (Wyo.1995). A material fact is one which, if proved, would have the effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties. *O'Donnell v. City of Casper,* 696 P.2d 1278, 1285 (Wyo. 1985). We conduct our review in the light most favorable to the party opposing the motion, and we accord no deference to the district court's decisions on issues of law. *Duncan v. Town of Jackson,* 903 P.2d 548, 551 (Wyo.1995). In our review we use the same factual materials and the same standards as the district court, and we may affirm the summary judgment on any legal grounds appearing in the record. *City of Casper,* 906 P.2d at 1048.

### DISCUSSION

██ The qualifications required of a municipal officer are set out in W.S. 22-23-102 (1992):

All municipal offices are nonpartisan, and municipal officers **shall be qualified electors resident in the municipality and any ward established** * * *.

(Emphasis added.) The definition of a qualified elector is found in W.S. 22-1-102(a)(x) (1992):

The term "qualified elector" includes every citizen of the United States who is a bona fide resident of Wyoming, has registered to vote and will be at least eighteen (18) years of age on the day of the election at which he may offer to vote * * *.

The Application for Nomination by Primary completed by Carter conformed with

the requirement of W.S. 22–23–302 (Cum. Supp.1995) and read as follows:

I, Margaret A. Carter, the undersigned, certify that I was born on 7/29/47, and that I have been a resident of the State of Wyoming since 1974, and that I am a registered voter of Election District No. 2, in Precinct No. 4, in Ward No. (if any) II, in the City of Cheyenne, and the State of Wyoming, do hereby petition and request that my name be printed upon the Official Municipal Primary Ballot at the next primary election as a candidate for the office of Cheyenne City Council. *I hereby declare that if nominated and elected, I will qualify for the office.*

(Emphasis and underscoring added.) To accept appellants' position that one must be a registered voter at the time the application is completed would be to ignore and render as meaningless the final sentence in the application. That argument is contrary to the judicial rules of statutory interpretation that a statute should not be interpreted to render any portion of it meaningless. *See e.g., Matter of ALJ*, 836 P.2d 307, 310 (Wyo.1992) and *Reliance Ins. Co. v. Chevron U.S.A. Inc.*, 713 P.2d 766, 770 (Wyo.1986).

▇▇▇ The language of W.S. 22–17–101(a)(ii) (1992) indicates that only when a person whose election is contested is not eligible to hold the office should the election be annulled. This language is unambiguous and, therefore, the court must apply the plain meaning of the statute. *See Parker Land & Cattle Co. v. Game and Fish Comm'n*, 845 P.2d 1040, 1043 (Wyo.1993). Furthermore, this court has held that "[e]very reasonable presumption will be indulged in favor of the validity of an election which has been held, and the one asserting that the election is irregular must bear the burden of showing that it is otherwise." *Reitveld v. Northern Wyoming Community College Dist.*, 344 P.2d 986, 988 (Wyo.1959) (*citing Anselmi v. City of Rock Springs*, 53 Wyo. 223, 80 P.2d 419 (1938)).

"[I]t is a canon of election law that an election is not to be set aside for a mere informality or irregularity which cannot be said in any manner to have affected the result of the election. Courts are anxious rather to sustain than to defeat the popular will." * * *

*   *   *   *   *   *

The mere allegation that an irregularity occurred is not sufficient to authorize a court to declare the election illegal. If the matter complained of were one which in a sense were jurisdictional—that is, which went to the right of holding the election, or to its legality—the case might be different.

*Anselmi*, 53 Wyo. at 236, 238, 80 P.2d at 423, 424 (*quoting State ex rel. Utah Sav. & Trust Co. v. Salt Lake City*, 35 Utah 25, 99 P. 255, 261 (1908)).

In the case at hand, appellants merely alleged that Carter was not registered at the time she filed the application and that she unjustly certified that she *was* registered at the time of filing. However, appellants have not alleged that this defect in any way affected or influenced the elections. Strader talked with voters concerning this issue, and the Secretary of State ruled that Carter's name could appear on the ballot as a candidate. Moreover, from the facts it clearly seems an inconsequential error as to its effects on the elections or Carter's ability to function in the office she holds. As soon as she found she was purged from the voter list, Carter reregistered and cured the defect.

We conclude that Carter's failure to be registered at the time of filing her application was inconsequential and a mere irregularity since shortly thereafter she reregistered and met all the statutory criteria during the primary election, the general election, and at the time she assumed the municipal office. In the particular circumstances of this case, Rue and Strader's action under the Election Contest Statute does not lie.

### CONCLUSION

Rue and Strader failed to identify facts demonstrating that a genuine issue of material fact existed concerning annulment of the 1994 general municipal election. They therefore have not satisfied their burden for opposing a summary judgment motion. *See Downen v. Sinclair Oil Corp.*, 887 P.2d 515,

519 (Wyo.1994). The grant of summary judgment to Carter is

Affirmed.