**James Wycoff SMITH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 97–256.

Supreme Court of Wyoming.

Aug. 25, 1998.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Monique McBride, Student Intern. Donna D. Domonkos (Argued), for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Bryan A. Skoric, Assistant Attorney General. Bryan A. Skoric (argued), for Appellee (Plaintiff).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

In 1995, the Wyoming State Legislature enacted legislation changing controlled substance possession from a misdemeanor to a felony for specified weights of controlled substances and other substances. Police found Appellant James Wycoff Smith in possession of .40 grams of amphetamine, a misdemeanor amount under WYO. STAT. § 35–7–1031(c)(i)(C). He also possessed 24.49 grams of water that tested positive for the presence of amphetamine. The weight of the water was used to determine the weight of the controlled substance in Smith's possession as authorized under WYO. STAT. § 35–7–1031(d). This amount of water was sufficient to charge him with a felony under WYO. STAT. § 35–7–1031(c)(iii).

Smith filed a motion to dismiss the charges on grounds that WYO. STAT. § 35–7–1031(d) was unconstitutionally vague as applied to him. That motion was denied, and Smith entered a conditional plea of guilty to felony possession of a controlled substance and filed this appeal.

We affirm.

## ISSUES

Smith and the State agree on the sole issue for appeal:

Whether W.S. § 35–7–1031(d) is unconstitutionally vague as applied in appellant's case denying him due process of law?

* Chief Justice at time of oral argument.

## FACTS

On March 19, 1996, a Green River police officer saw Smith's vehicle stopped in a traffic lane on Wyoming Highway 530. The officer investigated and arrested Smith for driving under the influence in violation of WYO. STAT. § 31–5–233. Powder amphetamine weighing .40 grams and a glass beaker containing a liquid substance weighing 24.49 grams which later tested positive for amphetamine were seized, and, based on the combined weights, Smith was charged with felony possession of a controlled substance. Smith filed a motion for dismissal of the criminal charges, contending that WYO. STAT. § 35–7–1031(d) is unconstitutionally vague both on its face and as applied. That motion was denied, and Smith entered a conditional guilty plea reserving his right to appeal the denial.

At the change of plea hearing, Smith stated that he had converted the glass beaker into a device that he referred to as a "bong" which allowed him to smoke methamphetamine. He also stated that the liquid substance in the beaker was water. Smith's guilty plea was accepted, and he was sentenced to the Wyoming State Penitentiary for one to three years.

## DISCUSSION

Smith contends that WYO. STAT. 35–7–1031(d) as applied to his case is unconstitutionally vague. It is our well-established rule that every law is presumed constitutional, and all doubts are resolved in favor of constitutionality. *Luplow v. State,* 897 P.2d 463, 466 (Wyo.1995). Smith has the burden of demonstrating that this statute is unconstitutionally vague. *Id.* A statute is unconstitutionally vague if people of common intelligence must necessarily guess at its meaning and differ as to its application. *Hobbs v. State,* 757 P.2d 1008, 1011 (Wyo.1988). A vague statute violates due process because it fails to give fair notice that the conduct is forbidden and creates the danger of arbitrary and discriminatory enforcement. *Id.; Griego v. State,* 761 P.2d 973, 976 (Wyo.1988).

In determining whether a statute provides sufficient notice, we look to the statutory language and previous court decisions which have limited or applied the statute. *Luplow,* 897 P.2d at 467.

WYO. STAT. § 35–7–1031(d) (Cum.Supp. 1996) states:

> For purposes of determining the weights to be given the controlled substances under this section, the weights designated in this section shall include the weight of the controlled substance and the weight of any carrier element, cutting agent, diluting agent or any other substance excluding packaging material.

We have not previously interpreted the statute's language, and both parties refer us to the similarly worded federal statutes 21 U.S.C. § 841(b) and 21 U.S.C. § 844, which determine penalties for drug possession based on the weight of a "mixture or substance containing a detectable amount of" a controlled substance. Based on federal case law, Smith contends that terms found in WYO. STAT. § 35–7–1031(d) referring to "carrier element, cutting agent, diluting agent" are aimed at punishing drug dealers and drug traffickers by allowing the weight of the controlled substance to be combined with the weight of those substances which would increase the quantity of the controlled substance. *Chapman v. United States,* 500 U.S. 453, 462, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991); *United States v. Richards,* 87 F.3d 1152, 1157 (10th Cir.1996). Accordingly, Smith contends, a man of ordinary intelligence would not be put on notice that using water as a catalyst to smoke a controlled substance would elevate his actions to conduct that could result in a felony conviction, and this statute is, therefore, unconstitutionally vague. Smith is not contending that he did not know that his possession of methamphetamine and the bong was prohibited conduct.

Smith's contention ignores the last portion of the statute which states "**or any other substance** excluding packaging material" which is plainly sufficiently broad to encompass the weight of water containing methamphetamine found in his possession. The statute is clear that the weight of any other substance containing a quantity of an illegal drug should be added to the weight of a controlled substance to raise the crime of possession from a misdemeanor to a felony. The legislature has virtually unlimited power to determine what conduct shall be a crime and, so long as that determination is constitutional, the legislature decides whether or not a criminal statute should sweep narrowly or broadly. *State v. Laude,* 654 P.2d 1223, 1225 (Wyo.1982); *Town of Green River v. Bunger,* 50 Wyo. 52, 58 P.2d 456, 458 (Wyo. 1936); *see also United States v. Rodgers,* 466 U.S. 475, 484, 104 S.Ct. 1942, 1948, 80 L.Ed.2d 492 (1984). Smith has not shown that this language is unconstitutionally vague or that· it was applied in an arbitrary or discriminatory manner in his case. His conviction is affirmed.