2005 WY 10

**Dennis HAYES, Appellant (Plaintiff),**

v.

**The CITY OF SHERIDAN,**
**Appellee (Defendant).**

**No. 04–70.**

Supreme Court of Wyoming.

Feb. 2, 2005.

Representing Appellant: Clay Jenkins, Sheridan, Wyoming.

Representing Appellee: City of Sheridan waived briefing on April 29, 2004.

Representing Intervenor State of Wyoming: Patrick J. Crank, Wyoming Attorney General; Michael R. O'Donnell, Chief Deputy Attorney General; Barbara L. Boyer, Special Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and WALDRIP, D.J.

GOLDEN, Justice.

[¶ 1] Dennis Hayes was an employee of the city of Sheridan who wanted to run for a municipal office before resigning his city employment. He stated he would resign his city employment if he were elected to the office for which he wanted to run. The city of Sheridan alleged that Wyo. Stat. Ann. § ·22–23–301 prevented Hayes from running for city office while still a city employee. In other words, the city alleged that, by Wyoming statute, Hayes was required to resign his city employment before he could run for municipal office. Hayes filed a complaint for declaratory judgment in the Fourth Judicial District Court, seeking to have § 22–23–301 declared unconstitutional. The district court certified the following question to this Court:

> Does Wyoming Statute § 22–23–301 violate Article 1, Section 3 of the Wyoming Constitution by creating a class of persons who must resign their employment before seeking election to municipal office?

For the reasons that follow, we answer the certified question in the negative.

**DISCUSSION**

[¶ 2] The pertinent part of Wyo. Stat. Ann. § 22–23–301 (LexisNexis 2003) reads:

> All candidates for municipal office shall be nominated at the municipal primary election. In order to be eligible, a candidate must be a registered voter and a resident of the municipality and ward which he seeks to represent on the day the petition is filed, and shall not be an employee of the municipality.

The parties take for granted that this statute requires that a person not be a municipal employee in order to be a candidate for municipal office. As this Court reads the

statute, it finds no such requirement. The initial question is whether the requirement that a person not be a municipal employee applies to eligibility to be a candidate for a municipal office, or more simply to eligibility to ultimately hold a municipal office. The plain language of the statute answers this question.

[¶ 3] There are two separate clauses containing eligibility qualifications in the statute. The first requires a candidate to be "a registered voter and a resident of the municipality and ward which he seeks to represent on the day the petition is filed." The second clause states that a candidate "shall not be an employee of the municipality." The second clause is very clearly separated from the first clause. The critical distinction between the clauses for the present purposes is that the first clause specifically refers to a time by which the clause's qualifications must be met, while the second clause does not.

■ [¶ 4] "A statute is construed as a whole with the ordinary and obvious meaning applied to the words as they are arranged in paragraphs, sentences, clauses and phrases to express intent." *Wyoming Ins. Guar. Ass'n v. Woods,* 888 P.2d 192, 197 (Wyo. 1994). If the word "eligible" as used in the statute were meant to refer to eligibility for candidacy, there would be no need for the time qualification in the first clause. As a simple matter of statutory construction, the statute must be referring to general eligibility to hold office. To be eligible to hold municipal office, a candidate must meet residency and related requirements at the time of filing the candidacy petition. To be eligible to hold municipal office, a candidate must not be a municipal employee. Construing the plain language of the statute, this Court determines that this statute does not require a person to resign municipal employment in order to run for municipal office. It only requires that a person resign municipal employment prior to holding municipal office.

[¶ 5] Any possible question regarding the construction of § 22–23–301 is immutably clarified by Wyo. Stat. Ann. § 22–23–302 (LexisNexis 2003). Section 22–23–302 contains the language of an oath that candidates swear to in their petition for candidacy. The language of the oath follows the qualification requirements of § 22–23–301. The oath reads:

> I, .........., the undersigned, swear or affirm that I was born on .........., (year), and that I have been a resident of the State of Wyoming since .........., residing at .........., and that I am a registered voter of Election District No. .........., Precinct No. .........., in Ward No. .........., in the City of .........., and the State of Wyoming as of the closing of the municipal clerk's office on the day this petition is filed, do hereby petition and request that my name be printed upon the Official Municipal Primary Ballot at the next primary election as a candidate for the office of .......... I hereby declare that if nominated and elected I will qualify for the office.

§ 22–23–302. The first part of the oath reflects the first clause of § 22–23–301. The last part of the oath presumably reflects the second clause of § 22–23–301, but in any event makes it clear that there are no other restrictions to filing the candidacy petition. Any other potential qualifications must be met only upon election to office. A person need not resign from municipal employment to run for municipal office, but only must be willing to resign from municipal employment if elected to municipal office.

[¶ 6] The legislative history of § 301 and § 302 further confirms this reading. In 1996, § 301 simply read: "All candidates for municipal office shall be nominated at the municipal primary election." Wyo. Stat. Ann. § 22–23–301 (Michie 1992). Section 302 read, in pertinent part:

> I, .........., the undersigned, certify that I was born on .........., 19.., and that I have been a resident of the State of Wyoming since .........., and that I am a registered voter of Election District No. .........., Precinct No. .........., in Ward No. .........., in the City of .........., and the State of Wyoming, do hereby petition and request that my name be printed upon the Official Municipal Primary Ballot at the next primary election as a candidate for the office of .......... I

hereby declare that if nominated and elected I will qualify for the office.

Wyo. Stat. Ann. § 22–23–302 (Michie Cum. Supp.1996). Based upon this language, this Court decided *Rue v. Carter,* 919 P.2d 633 (Wyo.1996). *Rue* involved an election contest based upon the fact that the successful candidate for municipal office, Margaret Carter, had stated on her petition for candidacy that she was a registered voter. Carter later discovered that she was not a registered voter, her name having been purged from the voter list because she failed to vote in the 1992 general election. Carter reregistered and her name was placed on the ballot. This Court upheld her election to municipal office, holding that Carter's misrepresentation regarding her voter registration status at the time her petition for candidacy was filed was an inconsequential irregularity, which had been cured, and did not constitute the basis for annulment of the election. *Id.* at 635. Essentially, this Court held that the purpose of the statute was not violated.

[¶ 7] The Wyoming legislature amended both §§ 301 and 302 in 1997. 1997 Wyo. Sess. Laws ch. 173, § 1. Given the *Rue* decision in 1996, it is rational to infer that the legislature was aware of the distinction between qualifications that it required candidates to meet at the date of filing the petition and qualifications that simply must be met prior to taking office. The legislature also understood that § 301 and § 302 were interrelated and were read together.

[¶ 8] The legislative amendments in 1997 included adding the second sentence of § 301. At the same time, the legislature amended the oath in § 302 to add the phrase "as of the closing of the city or town clerk's office on the day this petition is filed." This phrase was added to the first part of the oath. The last part of the oath remained the same. No other change was made to the oath. Specifically, the legislature did not add a requirement to the oath that the potential candidate swear he or she was not a municipal employee at the time of filing the petition. The legislature certainly knew how to clarify time frames, yet it specifically excluded the requirement that a candidate not be a municipal employee from being a qualification for filing a petition for candidacy.

**CONCLUSION**

[¶ 9] No matter how one looks at it, it is clear that the legislature did not intend § 22–23–301 to include a resign-to-run qualification. Since § 22–23–301 does not create a class of persons who must resign their employment before seeking election to municipal office, the statute is not unconstitutional on that ground. The certified question is answered in the negative based upon the statutory language, without any invocation of the Wyoming Constitution.

WALDRIP, D.J., dissenting.

[¶ 10] I respectfully dissent. The majority reads the pertinent part of Wyo. Stat. Ann. § 22–23–301 (LexisNexis 2003) to exclude any requirement that a candidate for municipal office not be a municipal employee. In so concluding, the majority relies upon the plain language of the statute. However, § 22–23–301 specifically states: **"In order to be eligible, a candidate** must be a registered voter and a resident of the municipality and ward which he seeks to represent on the day the petition is filed, and **shall not be an employee of the municipality."** *Id.* (emphasis added). "Candidate" is commonly defined as **"one that aspires to or is nominated or qualified for an office."** Merriam–Webster Collegiate Dictionary, at 165 (10th ed.2000) (emphasis added). Synonyms for "candidate" are "applicant," "aspirant," "hopeful," "seeker." Burton's Legal Thesaurus, at 70 (3d ed.1998). The plain language of the statute clearly sets forth an employment (or lack thereof) requirement *at the time of candidacy,* not at the time of oath of office. The plain language of the statute does not require further inquiry into legislative history.

[¶ 11] I believe the parties "take for granted that this statute requires that a person not be a municipal employee in order to be a candidate for municipal office" because the parties read the statute exactly as the legislature intended it to be read. I think the law in this state is clear: "It is our well-established rule that every law is presumed

constitutional, and all doubts are resolved in favor of constitutionality." *Worcester v. State*, 2001 WY 82, ¶ 22, 30 P.3d 47, ¶ 22 (Wyo.2001) (quoting *Smith v. State*, 964 P.2d 421, 422–23 (Wyo.1998)). In this case, it seems to me that the majority works too hard to avoid this simple rule.

[¶ 12] Further, I am concerned that the evils the Wyoming Legislature meant to address via § 22–23–301 will now go unrestrained. "Resign to run" laws, like § 22–23–301, prevent any potential abuse of office before or after an election; minimize the possibility of disruptions and conflict in public office; and require individuals to concentrate on the duties of their current jobs. *See Blair v. Harris*, 98 Hawai'i 176, 45 P.3d 798, 803 (2002) (quoting *Fasi v. Cayetano*, 752 F.Supp. 942, 951 (Dist.Haw.1990)); *In the Matter of Buckson*, 610 A.2d 203, 222–24 (Del.1992); *Acevedo v. City of North Pole*, 672 P.2d 130, 133–34 (Alaska 1983); *Bolin v. State, Dep't of Public Safety*, 313 N.W.2d 381, 383 (Minn.1981); *Morial v. Judiciary Comm'n of La.*, 565 F.2d 295 (5th Cir.1977), *cert. denied*, 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1978). These prohibitions are designed to protect those in public service from unjust campaign solicitations; to free them from political pressure; and to promote efficiency and integrity in the discharge of public employment. *Oklahoma State Election Bd. v. Coats*, 610 P.2d 776, 778 (Okla. 1980).[1]

[¶ 13] At a minimum, § 22–23–301 serves to: 1) keep politics out of the government workplace; 2) guarantee job security free from political restraint; 3) avoid the appearance of impropriety; and 4) require individuals to concentrate on the duties of their current jobs. These can be and are very real problems in our small cities and towns throughout Wyoming, where employees should feel secure in their jobs, free from political constraints. In the event that a candidate for office exercises any sort of supervisory responsibilities, the employer must be allowed to protect its other employees from any bias or favoritism. Above all, municipalities must be able to maintain public confidence in the integrity of their governments and avoid the appearance of impropriety.

[¶ 14] For these reasons, I believe the Court should conclude that § 22–23–301 requires a candidate to resign from office and should proceed to address the constitutional ramifications, if any, of the statute.

---

1. I also find persuasive the reasoning of the Michigan Supreme Court in *Martin v. Itasca County*, 448 N.W.2d 368 (Minn.1989):

    [T]he United States Supreme Court recognized that our history as a democratic nation demonstrates that broadly prohibiting political activity by government employees is necessary to ensure that civil servants serve the public and not a political party. A legislative body may prohibit a government employee from becoming a candidate for elective office not only to prevent potential conflict in the workplace between the employee and the supervisor-incumbent during the campaign, but also to prevent any tacit coercion of fellow employees and subordinates to assist in a political campaign. This policy promotes efficiency and integrity in government ranks and also prevents both "danger to the service in that political rather than official effort may earn advancement and to the public in that governmental favor may be channeled through political connections." *Martin*, 448 N.W.2d at 371 (upholding the dismissal of a county employee who had announced his candidacy for county commissioner).