2007 WY 191

**Dave M. SMITH, Appellant (Defendant),**

v.

**Robert John BRITO, Jr.,
Appellee (Plaintiff).**

No. S–07–0137.

Supreme Court of Wyoming.

Dec. 10, 2007.

Representing Appellant: Ralph E. Wood, Wood Law Office, Pinedale, Wyoming.

Representing Appellee: Clark Stith, Rock Springs, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   In a 2006 municipal election, Dave Smith was elected to the Pinedale Town Council. Robert Brito, Jr., contested Mr. Smith's election on two grounds, including that Mr. Smith was not a registered voter at the time he filed his petition for candidacy for the position in violation of Wyo. Stat. Ann. § 22–23–301 (LexisNexis 2007).[1]   The district court granted Mr. Brito's motion for partial summary judgment on that ground and annulled Mr. Smith's election. The district court also awarded costs against Mr. Smith in favor of Mr. Brito. Mr. Smith appeals both the annulment of his election and the award of costs. We convert Mr. Smith's notice of appeal to a petition for writ of review, which we hereby grant. Upon review, we affirm the order of the district court in all respects.

## ISSUES

[¶ 2]   Mr. Smith presents two issues for our review:

1. § 22–23–301. Municipal officers.

All candidates for municipal office shall be nominated at the municipal primary election. *In order to be eligible, a candidate must be a registered voter and a resident of the municipality and ward which he seeks to represent on the day the petition is filed,* and shall not be an employee of the municipality. As used in this section, the term "employee" includes only those persons receiving an hourly wage or salary from a municipality. A person who provides volunteer services to a municipality shall not be considered an "employee" under this section based solely upon coverage under the Wyoming Worker's Compensation Act or other pension, death or disability program. (Emphasis added.)

1. Does the fact that Appellant was not a registered voter of the Town of Pinedale at the time he filed his application for election make him a person "not eligible to hold the office" when he received the highest number of votes cast in the subject election and was a registered voter of the Town of Pinedale on the date of the subject election and on the date he was sworn in to the position he was elected to?

2. Did the District Court err in awarding costs to the Appellee where the Appellee did not archive [sic] the relief prayed for in his Verified Complaint?

## FACTS

[¶ 3] The facts are undisputed. In May 2006, Pinedale held municipal elections, which included an election for two open town council seats. Mr. Smith was one of seven people who filed a petition for candidacy for a seat on the town council. Unbeknownst to Mr. Smith, at the time he filed his petition he was not a registered voter. Mr. Smith did not discover he was not a registered voter until the day of the election. He promptly registered and was allowed to vote. Mr. Smith garnered the greatest number of votes, was declared winner of one of the two open town council positions, and was duly sworn into office.

[¶ 4] Mr. Brito was also a candidate for town council but finished fifth in the voting. After the election, he filed a contest pursuant to Wyo. Stat. Ann. § 22–17–101(a)(ii) (Lexis-Nexis 2007),[2] and Wyo. Stat. Ann. § 22–17–103 (LexisNexis 2007)[3] alleging Mr. Smith was not eligible to hold office. The complaint also contained a second count challenging the constitutionality of two other election related statutes. Mr. Brito filed a motion for partial summary judgment asking for judg-

ment on his claim that Mr. Smith is not eligible to hold office. The district court granted Mr. Brito's motion for partial summary judgment, concluding that since Mr. Smith was not an eligible candidate he was not eligible to hold office and, therefore, his election must be annulled.

## DISCUSSION

[¶ 5] We begin by recognizing that since the order appealed from only granted partial summary judgment and was not certified as immediately appealable by the district court, it is not an appealable order. W.R.C.P. 54(b); W.R.A.P. 1.05. This Court, however, has authority to convert a notice of appeal to a writ of review, but will only do so under the most extraordinary of circumstances:

Our exercise of the power of certiorari emanates from the Constitution of the State of Wyoming, *Stogner v. State of Wyoming*, 792 P.2d 1358 (Wyo.1990), and it is invoked when a case from a lower court involves an important state question or is of sufficient public significance to justify a determination by the Supreme Court. Wyo. Const. art. 5, § 3; Rule 13.01, W.R.A.P.; *City of Sheridan v. Cadle*, 24 Wyo. 293, 157 P. 892 (1916). Review pursuant to certiorari is never granted lightly, especially if an adequate alternative remedy is available. *State ex rel. Pearson v. Hansen*, 409 P.2d 769 (Wyo.1966); *Call [v. Town of Afton*, 73 Wyo. 271, 278 P.2d 270 (1954)]. On the other hand, it should be granted without hesitation when the timely resolution of matters coming to our attention is of extreme and lasting importance to the citizens of this state and may contribute to judicial efficiency. Rule 13.01, W.R.A.P. *See Johnson [v. Statewide Collections, Inc.*, 778 P.2d 93 (Wyo.1989)];

2. § 22–17–101. Right to contest elections; exception; grounds.

(a) A qualified elector may contest the right of a person declared elected to an office in the elector's county, municipality, district or precinct, other than the office of state legislator, United States president and vice-president and presidential elector, on the following grounds:
* * * *
(ii) The person whose election is contested is not eligible to hold the office[.]

3. § 22–17–103. Summons; conduct of suit.

Summons shall be issued against the person whose election is being contested and upon the election official responsible for conducting the election. The suit shall be conducted as a civil action and shall be considered for an expedited docket.

Sheridan. *Cf. Call* (writ denied, but not a matter of state concern).

*In re General Adjudication of All Rights to Use Water in Big Horn River System*, 803 P.2d 61, 67 (Wyo.1990). We believe the issues raised present questions of significant state importance, most especially to the people of Pinedale, and therefore do not hesitate to convert this particular notice of appeal into a writ of review.

### Annulment of Mr. Smith's election

[5] [¶ 6] The specific question is whether Mr. Smith is legally eligible to hold municipal office. We agree with the district court he is not. Wyoming Statute § 22–23–301 explicitly requires a person be a registered voter "on the day the petition is filed." This requirement is even more strenuously emphasized in the statutorily recommended petition form, which requires an applicant "swear or affirm" he/she is a registered voter "as of the closing of the municipal clerk's office on the day [the] petition is filed." Wyo. Stat. Ann. § 22–23–302 (LexisNexis 2007).[4] Mr. Smith did not meet this requirement and therefore was not eligible to petition for candidacy for municipal office at the time he did. Because his name was not properly on the ballot, the votes he received, and thus his election, must be considered null and void.

[¶ 7] Mr. Smith argues that he should not be penalized for what was in essence an honest mistake. Mr. Smith relies on *Rue v. Carter*, 919 P.2d 633 (Wyo.1996), in support of his argument that his failure to be a registered voter at the time he filed his petition for candidacy was a mere irregularity that should not nullify the will of the

people who voted for him to represent them on the town council. In *Rue*, the challenged elected official, Margaret Carter, registered to vote after the filing deadline for candidacy but within a week of filing her petition and six months prior to the election. Part of the reasoning in *Rue* was that Carter "met all the statutory criteria during the primary election, the general election, and at the time she assumed the municipal office." *Id.* at 635. Under those particular circumstances, the Court in *Rue* held not being registered at the time of submitting a petition for candidacy was an inconsequential irregularity and upheld her election. *Id.*

[¶ 8] Mr. Smith's reliance on *Rue* is regrettable in that the Wyoming Legislature effectively has overruled *Rue*. We discussed the issue indirectly in *Hayes v. City of Sheridan*, 2005 WY 10, 105 P.3d 459 (Wyo.2005). Although the issue in *Hayes* was whether § 22–23–301 was a "resign to run" statute, it provides assistance in the instant appeal in its discussion of the legislative history of § 301:

In 1996, § 301 simply read: "All candidates for municipal office shall be nominated at the municipal primary election." Wyo. Stat. Ann. § 22–23–301 (Michie 1992). Section 302 read, in pertinent part:

I, .........., the undersigned, certify that I was born on .........., 19.., and that I have been a resident of the State of Wyoming since .........., and that I am a registered voter of Election District No. .........., Precinct No. .........., in Ward No. .........., in the City of .........., and the State of Wyoming, do hereby petition and re-

---

4. § 22–23–302. Filing fee; petition form.

Not more than ninety-six (96) days and not later than eighty-one (81) days preceding the municipal primary election, each candidate for a municipal office shall pay a nonrefundable filing fee of twenty-five dollars ($25.00) and sign and file with the municipal clerk a petition in substantially the following form:

State of Wyoming        )
                        ) ss
County of .......       )

I, .........., the undersigned, swear or affirm that I was born on .........., .......... (year),

Dated: ..........        .............. (Signature of Candidate)
                        .............. (Residence Address)

and that I have been a resident of the State of Wyoming since .........., residing at .........., and that I am a registered voter of Election District No. .........., Precinct No. .........., in Ward No. .........., in the City of .........., and the State of Wyoming as of the closing of the municipal clerk's office on the day this petition is filed, do hereby petition and request that my name be printed upon the Official Municipal Primary Ballot at the next primary election as a candidate for the office of .......... I hereby declare that if nominated and elected I will qualify for the office.

quest that my name be printed upon the Official Municipal Primary Ballot at the next primary election as a candidate for the office of . . . . . . . . . . I hereby declare that if nominated and elected I will qualify for the office.

Wyo. Stat. Ann. § 22–23–302 (Michie Cum. Supp.1996). Based upon this language, this Court decided *Rue v. Carter,* 919 P.2d 633 (Wyo.1996). *Rue* involved an election contest based upon the fact that the successful candidate for municipal office, Margaret Carter, had stated on her petition for candidacy that she was a registered voter. Carter later discovered that she was not a registered voter, her name having been purged from the voter list because she failed to vote in the 1992 general election. Carter reregistered and her name was placed on the ballot. This Court upheld her election to municipal office, holding that Carter's misrepresentation regarding her voter registration status at the time her petition for candidacy was filed was an inconsequential irregularity, which had been cured, and did not constitute the basis for annulment of the election. *Id.* at 635. Essentially, this Court held that the purpose of the statute was not violated.

The Wyoming legislature amended both §§ 301 and 302 in 1997. 1997 Wyo. Sess. Laws ch. 173, § 1. Given the *Rue* decision in 1996, it is rational to infer that the legislature was aware of the distinction between qualifications that it required candidates to meet at the date of filing the petition and qualifications that simply must be met prior to taking office. The legislature also understood that § 301 and § 302 were interrelated and were read together.

The legislative amendments in 1997 included adding the second sentence of § 301.[5] At the same time, the legislature amended the oath in § 302 to add the phrase "as of the closing of the city or town clerk's office on the day this petition is filed." This phrase was added to the first part of the oath.

*Id.* at ¶¶ 6–8, 105 P.3d at 460–61.

[¶ 9] While this discussion was dicta in the context of *Hayes,* the analysis remains

sound. Because the legislature is presumed to know the state of the law, the 1997 amendments can be seen as a direct response to this Court's decision in *Rue.* The amendments reflect a legislative decision that not being a registered voter on the day the petition for candidacy is filed is not an inconsequential irregularity that can be judicially ignored. The will of the majority of people who voted for Mr. Smith in the municipal election in Pinedale, while of great importance to us, cannot override the will of the popularly elected Wyoming State Legislators. We must abide by the legislative determination that Mr. Smith's election must be declared void.

## *Costs*

[¶ 10] We review an award of costs for an abuse of discretion by the district court. *Shepard v. Beck,* 2007 WY 53, ¶ 14, 154 P.3d 982, 988 (Wyo.2007). Mr. Brito was awarded costs pursuant to Wyo. Stat. Ann. § 22–17–104 (LexisNexis 2007):

Judgment for costs.

If the proceedings in an election contest are dismissed for insufficiency, or want of prosecution, or if the election is confirmed by the court, judgment shall be rendered for costs against the party contesting the election and in favor of the party whose election was contested. If the election is annulled and set aside for grounds stated in W.S. 22–17–101(a)(ii), (iii) or (v), judgment for costs shall be rendered against the party whose election was contested and in favor of the party contesting the election. If the election is annulled and set aside for the grounds stated in W.S. 22–17–101(a)(i) or (iv), judgment and costs shall be rendered against the county.

Mr. Smith argues that costs should not have been awarded because the entire election was not annulled, as he believes § 22–17–104 requires. Mr. Smith is incorrect in his argument. There is no requirement that an en-

---

**5.** The added sentence reads: "In order to be eligible, a candidate must be a registered voter and a resident of the municipality and ward which he seeks to represent on the day the petition is filed, and shall not be an employee of the municipality." 1997 Wyo. Sess. Laws 371.

tire election be annulled. The annulment of the election of a single elected municipal official can also form the basis for the award of costs.

[¶ 11] This conclusion is supported by Wyo. Stat. Ann. § 22–17–108 (LexisNexis 2007), which provides the appropriate judgment for different situations:

Court judgment in contests.

A judgment of the court in an election contest shall confirm or annul the election or declare elected a qualified candidate receiving the highest number of legal votes, or declare the result of the election on each contested ballot proposition. The election of a candidate receiving the highest number of legal votes but disqualified for any other legal reason shall be declared null and void and a vacancy will be declared to exist. For offices to be filled by more than one (1) candidate, the election shall not be declared null and void but the qualified candidates receiving the highest number of legal votes shall be declared elected.

[¶ 12] Since two town council positions were open in the instant election, the correct remedy was to not void the entire election but rather to declare elected the qualified candidate receiving the highest number of legal votes. This is exactly the procedure followed by the district court. Reading sections 104 and 108 together, Mr. Brito successfully challenged the election of Mr. Smith, resulting in a judgment for the statutorily created remedy of the annulment of Mr. Smith's election. Section 104 mandates an award of costs from Mr. Smith to Mr. Brito under these circumstances.

*Appellate Sanctions*

[¶ 13] Mr. Brito requests we grant attorney's fees and damages pursuant to W.R.A.P. 10.05, which allows us to award attorney's fees and damages if "there was no reasonable cause for the appeal." We award such sanctions only in rare circumstances, such as when an appeal lacks cogent argument or there is an absence of pertinent legal authority to support the issues. *Osborn v. Kilts,* 2006 WY 142, ¶ 16, 145 P.3d 1264, 1268 (Wyo.

2006); *Welch v. Welch,* 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo.2003).

[¶ 14] We do not believe this appeal warrants sanctions. Although Mr. Smith ultimately failed to win the appeal, we consider his legal arguments to have been presented cogently and in good faith. Given the importance of the issues, we feel there was adequate legal support to warrant Mr. Smith bringing this appeal.

**CONCLUSION**

[¶ 15] Because he was not a registered voter at the time he filed his petition for candidacy for municipal office, Mr. Smith is not eligible to hold the municipal office to which he was elected. For the sake of all electors throughout the state, we hope in the future that other candidates will be more attentive to the requirements of petitioning for candidacy to a political office.

[¶ 16] The district court correctly awarded costs to Mr. Brito pursuant to § 22–17–104. We decline, however, to award sanctions pursuant to W.R.A.P. 10.05. The judgment of the district court is affirmed in all respects.